UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMO TRANS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> GLASS SYSTEMS AND STOREFRONTS, INC. and ASAD MOHAMMAD YASEEN, <br><br> Defendants. | Case Number: <br><br> CIVIL ACTION |

## COMPLAINT

Plaintiff, EMO TRANS, INC. (hereinafter "EMO TRANS"), by its undersigned attorneys, as and for its Complaint against Defendants, GLASS SYSTEMS AND STOREFRONTS, INC. (hereinafter "GLASS SYSTEMS") and ASAD MOHAMMAD YASEEN (hereinafter "YASEEN"), state and allege as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for monetary damages in excess of $75,000.00.

2. Plaintiff, EMO TRANS, is a New York corporation with its principal place of business at 377 Oak Street, Suite 202, Garden City, New York 11530, County of Nassau. Accordingly, EMO TRANS is a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

3. Plaintiff, EMO TRANS, is a fully licensed provider of freight forwarding and logistics services, by which it arranges for the import and export via air and ocean carriers of commercial goods to and from anywhere in the world through a closely monitored network of worldwide partners and carriers.

1

4. Defendant, GLASS SYSTEMS, is a California corporation with a principal place of business at 17103 Janell Avenue, Cerritos, California 90703 and a place of business at 1941 Darby Street, San Bernardino, California 92407. Accordingly, GLASS SYSTEMS is a citizen of the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

5. Upon information and belief, Defendant GLASS SYSTEMS is in the business of supplying and fabricating glass systems and store fronts to commercial businesses.

6. Defendant, YASEEN, is at all relevant times herein the President, Officer, Director, Shareholder, and owner of GLASS SYSTEMS, and maintains his principal place of employment and residence at 17103 Janell Avenue, Cerritos, California 90703.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiff and Defendants.

8. Defendant GLASS SYSTEMS retained Plaintiff for freight forwarding services under which GLASS SYSTEMS agreed to Terms and Conditions of Service containing a forum selection, governing law, and consent to jurisdiction and venue clause, in which Defendant agreed that "[t]hese terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of NY and/or Nassau County without giving consideration to principals of conflict of law" and to the following:

(a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of New York and/or Nassau County.
(b) agree that any action relating to the services performed by Company shall only be brought in said courts;
(c) consent to the exercise of in personam jurisdiction by said courts over it, and
(d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

9. Accordingly, venue is proper in this Judicial District based upon the foregoing forum selection, governing law, and consent to jurisdiction and venue clause in the agreement between the parties.

10. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1391(2), where a substantial part of the events or omissions giving rise to the claims herein occurred, and/or pursuant to 28 U.S.C. § 1391(3) pursuant to Defendants' consent to personal jurisdiction in the State of New York.

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

11. On or about various dates between October 2021 through May 2022, Defendant GLASS SYSTEMS retained Plaintiff EMO TRANS to provide freight forwarding and logistics services for the import from Italy to the United States of various industrial parts and equipment (hereinafter "subject goods"), along with arranging for transportation via ocean carriage and to perform related shipping services for the ocean transport of the subject goods to the United States from ports in Italy, including customs clearance of the goods into the United States.

12. In order to facilitate the shipping services in connection with the importation of the subject goods, GLASS SYSTEMS executed a Power of Attorney, appointing and authorizing Plaintiff to act as its lawful agent and attorney in fact for purposes of making all necessary arrangements to import GLASS SYSTEMS' goods from Italy into the United States. Annexed hereto as **Exhibit 1** and incorporated herein by reference is a true and correct copy of the **Power of Attorney**, duly executed by GLASS SYSTEMS' President and Owner, Asad Mohammad Yaseen.

13. At all times herein, pursuant to the executed Power of Attorney, GLASS SYSTEMS agreed, *inter alia*, that EMO TRANS acted on behalf of GLASS SYSTEMS when

EMO TRANS secured space or entered into contracts with ocean carriers and others to import GLASS SYSTEMS' cargo.

14. GLASS SYSTEMS also agreed, pursuant to the executed Power of Attorney, to the receipt and acknowledgment of EMO TRANS' Terms and Conditions of Service, a true and correct copy of which is annexed hereto as **Exhibit 2**.

15. Plaintiff EMO TRANS duly performed all of the terms and conditions of the agreements on its part to be performed with respect to GLASS SYSTEMS' shipments in accordance with GLASS SYSTEMS' bookings and then arranging for actual ocean carriage of GLASS SYSTEMS' goods on behalf of and at the request of GLASS SYSTEMS from Italy to the United States.

16. Defendant GLASS SYSTEMS has accepted and used Plaintiff EMO TRANS' services.

17. Also pursuant to the executed Customs Power of Attorney, the authority granted to EMO TRANS under the Power of Attorney and GLASS SYSTEMS' retention of Plaintiff EMO TRANS, Plaintiff EMO TRANS advanced monies on behalf of Defendant GLASS SYSTEMS to pay taxes, fees, and transportation charges to ocean carriers, trucking companies and/or other carriers, as well as other costs charged by the ports of origin and destination, customs and other related charges in connection with the shipment of GLASS SYSTEMS' goods from Italy to the United States.

18. In accordance with the terms agreed to by and between Plaintiff EMO TRANS and Defendant GLASS SYSTEMS, Plaintiff has invoiced Defendant for the services performed and monies advanced for each of the shipments between on or about October 2021 through May 2022.

A true and correct copy of the **Statement of Account** detailing each Invoice submitted by EMO TRANS to GLASS SYSTEMS and that remain outstanding is annexed hereto as **Exhibit 3**.

19. Despite due demand, Defendant has failed to remit the monies owed in accordance with the terms of the agreements and GLASS SYSTEMS' retention of Plaintiff EMO TRANS.

20. GLASS SYSTEMS also agreed under EMO TRANS' Terms and Conditions of Service that in any "action against the Customer [Glass Systems] for monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee."

21. There is at present due to the Plaintiff EMO TRANS from the Defendant GLASS SYSTEMS the principal sum of $435,196.61 and EMO TRANS is additionally entitled to its reasonable attorneys' fees pursuant to the contractual provision as set forth in EMO TRANS' Terms and Conditions of Service duly received, accepted and acknowledged by GLASS SYSTEMS.

## COUNT I – BREACH OF CONTRACT

22. Plaintiff repeats and realleges each and every allegation asserted in Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Plaintiff EMO TRANS, in contemplation of the payment of certain fees, rendered services to the Defendant GLASS SYSTEMS pursuant to the agreement between the parties relating to the transportation and related services for the shipment and importation of GLASS SYSTEMS' goods, in accordance with the authority granted by the executed Power of Attorney, and EMO TRANS Terms and Conditions of Services accepted by Defendant GLASS SYSTEMS.

24. Defendant GLASS SYSTEMS knew such services were being performed and knew that monies were being expended by Plaintiff EMO TRANS with the expectation of payment and

Defendant acquiesced to said services being done, accepted the same and received the benefits thereof.

25. GLASS SYSTEMS breached its agreement to pay for the shipping and other services performed by EMO TRANS and sums advanced by EMO TRANS to ocean carriers, trucking companies and/or other carriers, as well as other costs charged by the ports of origin and destination, customs and other related charges for the benefit of Defendant GLASS SYSTEMS, and the principal sum of $435,196.61 remains due and owing to EMO TRANS.

26. EMO TRANS is additionally entitled to its reasonable attorneys' fees pursuant to the contractual provision as set forth in the Terms and Conditions of Service received, accepted and acknowledged by GLASS SYSTEMS.

## **COUNT II – ACCOUNT STATED AGAINST GLASS SYSTEMS**

27. Plaintiff repeats and realleges each and every allegation asserted in Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Plaintiff EMO TRANS submitted to GLASS SYSTEMS detailed Invoices for each of the transportation services and sums advanced on its behalf, along with its Statement of Account to the Defendant GLASS SYSTEMS indicating the sum owed of $435,196.61.

29. Defendant accepted Plaintiff's Statement of Account without objection or question.

30. No part of the sum of $435,196.61 has been paid, despite due demand therefor.

31. There is presently due and owing from the defendant to the plaintiff the sum of $435,196.61, along with reasonable attorneys' fees pursuant to the contractual provision as set forth in the Terms and Conditions of Service received, accepted and acknowledged by GLASS SYSTEMS.

**COUNT III – PERSONAL LIABILITY FOR CORPORATE ACTS AGAINST YASEEN**

32. Plaintiff repeats and realleges each and every allegation asserted in Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. At all times relevant herein, Defendant YASEEN was the President, Officer, Shareholder, owner and an employee of Defendant GLASS SYSTEMS.

34. At all times relevant herein, Defendant YASEEN operated and maintained his personal residence at 17103 Janell Avenue, Cerritos, California 90703, which is the principal place of business of Defendant GLASS SYSTEMS.

35. At all times relevant herein, Defendant GLASS SYSTEMS was operated by Defendant YASEEN without maintaining corporate formalities and paraphernalia that are part and parcel of the corporate existence, including, but not limited to: failing to maintain corporate records, failing to hold corporate meetings, comingling of personal and corporate funds, comingling of corporate and personal assets and addresses.

36. At all times relevant herein, Defendant YASEEN engaged in a course of conduct so as to exercise complete dominion and control over GLASS SYSTEMS, in disregard of the corporate form, and for his personal benefit, so as to commit a fraud or wrong against the Plaintiff EMO TRANS resulting in injury and damage to EMO TRANS.

37. At all times relevant herein, Defendant YASEEN, as President, Officer, Shareholder, owner and employee of Defendant GLASS SYSTEMS dominated and controlled GLASS SYSTEMS to such an extent that the corporation's independent existence was in fact non-existent and Defendant YASEEN was in fact an alter ego of the corporation.

38. At all times relevant herein, Defendant YASEEN, grossly undercapitalized GLASS SYSTEMS such that GLASS SYSTEMS' financial viability was in substantial jeopardy, not a

7

legitimate business, and YASEEN was simply seeking to hide behind the shield of the corporation with no commitment or intent to satisfy the debts of the corporation or issue payment for the outstanding invoices of EMO TRANS.

39. Defendant YASEEN made representations to EMO TRANS of the creditworthiness of GLASS SYSTEMS which were false and intended to fraudulently induce EMO TRANS into advancing further sums to pay taxes, fees, and transportation charges to ocean carriers, trucking companies and/or other carriers, as well as other costs charged by the ports of origin and destination, customs and other related charges in connection with the shipment of GLASS SYSTEMS' goods from Italy to the United States on Defendants' behalf, and in furtherance of the fraudulent and/or improper use of the corporate form of GLASS SYSTEMS.

40. In reliance upon the express or implied misleading, false and/or fraudulent representations of Defendant YASEEN, EMO TRANS did in fact advance such sums. Then, inexplicably and without any basis whatsoever, Defendant YASEEN, along with GLASS SYSTEMS, failed to make any payments on the outstanding balance owed, have ceased to communicate with anyone at EMO TRANS, and there currently remains the principal sum of $435,196.61 due and owing.

41. Upon information and belief, Defendant YASEEN, in conjunction with Defendant GLASS SYSTEMS, are still engaged in the supply and fabrication of glass systems and store fronts to commercial businesses in the United States, and are using the proceeds of those transactions as distributions to and for the personal benefit, personal matters and personal obligations of Defendant YASEEN, who is in absolute and sole control of GLASS SYSTEMS, before satisfying outstanding corporate debts, including the corporate debt owed to EMO TRANS.

42. As a result of Defendant YASEEN's foregoing actions or inactions, Plaintiff EMO TRANS has been injured and damaged in the principal sum of $435,196.61, no part of which has been paid, although duly demanded, and the corporate company veil of GLASS SYSTEMS should be pierced so as to hold those Defendants personally liable for that debt.

**WHEREFORE,** Plaintiff EMO TRANS, INC. demands judgment against the Defendants GLASS SYSTEMS AND STOREFRONTS, INC. and ASAD MOHAMMAD YASEEN, as follows:

(a) On Count I for the sum of $ 435,196.61 with pre- and post-judgment interest from October 28, 2021;

(b) On Count II for the sum of $ 435,196.61, with pre- and post-judgment interest from October 28, 2021;

(c) On Count III for the sum of $ 435,196.61, with pre- and post-judgment interest from October 28, 2021; and

(d) Attorneys' fees permitted by virtue of acceptance of the contractual language agreed to between the parties, disbursements, costs and such other and further relief which this Court deems just, proper and equitable.

Dated: New York, New York
October 20, 2022

KMA ZUCKERT LLC

By: _____
Nicholas E. Pantelopoulos, Esq.
Jennifer Huang, Esq.
1350 Broadway, Suite 2410
New York, New York 10018
(212) 922-0450

*Attorneys for Plaintiff*
EMO TRANS, INC.